PETER A. BEE*
RICHARD P. READY
PETER M. FISHBEIN
JAMES R. HATTER
THOMAS J. DONOVAN †
KENNETH A. GRAY
DONALD J. FARINACCI
WILLIAM C. DeWITT

OF COUNSEL

EDWARD P. RA
ROBERT G. LIPP †
ROBERT R. McMILLAN *(Retired)*

\* ALSO ADMITTED IN FL
\** ALSO ADMITTED IN NJ
† DECEASED

**BEE READY FISHBEIN HATTER & DONOVAN, LLP**

# BRFH&D
## ATTORNEYS-AT-LAW

SENIOR ASSOCIATES

**STEPHEN L. MARTIR
**ANDREW K. PRESTON
DEANNA D. PANICO

ASSOCIATES

† BRIAN A. SUPER
PETER OLIVERI, JR.
RHODA Y. ANDORS
JASON S. GREENFIELD
THEODORE GORALSKI
MORGAN A. CLINE
JASON P. BERTUNA

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/8/2021

November 5, 2021

11/8/2021

*Denied. I am happy to offer a second day for hearing from an expert I am not going to permit to appear for jury* [handwritten endorsement, partially illegible]

Hon. Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street, Room 24A
New York, New York 10007

MEMO ENDORSED

Re: *Diehard Exterminating Inc., et al. v. Musto*
Docket No. 21-cv-7598 (CM)

Dear Judge McMahon,

This law firm represents the Defendant in the above referenced action. We are writing to respectfully request that the Court strike the "Expert Declaration of Nicholas G. Himonidis" submitted by Plaintiffs as direct examination testimony in the upcoming preliminary injunction hearing scheduled for November 9, 2021. In connection therewith, Defendant respectfully requests that the Court strike Plaintiffs' Exhibits PX1-PX17. In addition, Defendant respectfully requests that the Court strike the Declarations of Daniyel Petrov, David Razak, and Jason Smith, which were also submitted as direct examination testimony in connection with the upcoming preliminary injunction hearing.

Expert Declaration of Nicholas G. Himonidis and Expert Exhibits

At approximately 11:00 am this morning, Defendant received from Plaintiffs' counsel a so-called "Expert Declaration" from Nicholas G. Himonidis with Exhibits PX1-PX17. Those Exhibits, PX1-PX17, contain approximately 500 pages of computer data and phone records. Those 500 pages of computer records and phone records were not disclosed to Defendant during the discovery that has taken place in this case. The computer data included within Plaintiffs' Exhibits was purportedly derived from the laptop that Defendant turned over to Plaintiffs on September 14, 2021, nearly two months ago. And, the cell phone from which the phone records were allegedly derived has been in Plaintiffs' possession since Defendant left his employment with Plaintiffs in July 2021. There is absolutely no justification for Plaintiffs' failure to produce these records less than two full business days before the preliminary injunction hearing, particularly when Plaintiffs have been in possession of the cell phone since July 2021.

Likewise, to date, Plaintiffs never identified their retention of an expert in this case and Plaintiffs have not produced an expert disclosure as required by Rule 26 of the Federal Rules of Civil Procedure.

Plaintiffs' delayed production of approximately 500 pages of extracted data at this late hour is extremely prejudicial to the Defendant. Defendant's counsel will be forced to choose between reviewing the extracted data or preparing cross-examination outlines; a choice which Defendant's counsel should not have to make, and would not have to make, if Plaintiffs had timely produced this documentation.

Moreover, production of this data less than two full business days before the preliminary injunction hearing makes it impossible for Defendant to retain a rebuttal expert to review the data and the findings of Plaintiffs' "expert."

Plaintiffs' delay tactics are reprehensible and Plaintiffs should not be permitted to benefit from their own delinquencies. Therefore, it is respectfully requested that the Court strike Plaintiffs' "Expert Declaration of Nicholas G. Himonidis" and Plaintiffs' Exhibits PX1-PX17.

Technician Declarations

Defendant also respectfully requests that the Court strike the Declarations submitted by Plaintiffs from technicians Daniyel Petrov, David Razak, and Jason Smith. Within those declarations, it is alleged that Defendant contacted those technicians and offered those technicians employment with Defendant's new employer. Defendant denies those allegations, but, even if true, they are completely irrelevant to the claims at issue in this lawsuit. In this lawsuit, Plaintiffs allege that Defendant is unlawfully soliciting Plaintiffs' *customers*. There is no allegation in the Complaint that Defendant is unlawfully offering Plaintiffs' employees new employment; nor could there be such a cause of action as it is simply not illegal to offer your old co-workers a new job. These hearsay Declarations are nothing more than a red herring, which should be rejected as unduly prejudicial to the Defendant, and which should be rejected as consideration of these declarations is a waste of judicial time and resources.

Thank you for your consideration of this matter.

Respectfully submitted,

Deanna Panico